IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01139-RBJ-MJW

RON GENOVA, M. D.,

Plaintiff(s),

v.

BANNER HEALTH, an Arizona non-profit corporation,
d/b/a North Colorado Medical Center, and
RICK SUTTON, individually and as CEO and an employee of North Colorado Medical Center,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL AND/OR REQUEST FOR SANCTIONS RE:
DESTRUCTION OF EVIDENCE (DOCKET NO. 30)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for oral argument on March 19, 2012, on Plaintiff's Motion to Compel and/or Request for Sanctions Re: Destruction of Evidence (docket no. 30). The court has reviewed the subject motion (docket no. 30), the response (docket no. 33), and the reply (docket no. 35). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the Code Purple Evaluation Worksheets for the shift on January 21-22, 2010, are the documents that are at issue in the subject motion (docket no. 30). Such documents go to the core of this dispute in this case. It is undisputed that Plaintiff made a recommendation to Defendant CEO Rick Sutton [hereinafter "CEO Sutton"] to go on ambulance divert in the early morning hours of January 22, 2010, while working for Defendant Banner Health, d/b/a North Colorado Medical Center [hereinafter "Banner Health"]. That CEO Sutton, who was the administrator on call, refused to do it. One of the critical issues in this case relates to how busy the emergency room was in the early morning hours of January 22, 2010, at the time Plaintiff, under hospital procedures, contacted CEO Sutton and recommended to go on ambulance divert. Banner Health and CEO Sutton contend that it was not that busy at that point in time, and Plaintiff contends it was very busy;

5. That the Code Purple Evaluation Worksheets [documents] are kept in a three-ring binder. There is no set policy by Banner Health on

how long such documents are to be kept. Banner Health and CEO Sutton argue that such documents are kept until the three-ring binder cannot hold anymore documents and then they are destroyed. They argue that such documents are temporary documents and are not documents kept in the normal course of business. Moreover, Banner Health and CEO Sutton argue that the E.D. Daily Sheet dated January 21, 2010 (exhibit G), the Shift Report for January 21, 2010 (exhibit H), and the Shift Report for January 22, 2010 (exhibit I), attached to the Response (docket no. 33), provide Plaintiff with the same information that he is seeking and in the Code Purple Evaluation Worksheets [documents] for January 21-22, 2010, and therefore the subject motion (docket no. 30) should be denied since Plaintiff is not prejudiced;

6. That Plaintiff argues that the purpose of the Code Purple: High Census - Patient Placement is outlined in paragraph I. A and B in exhibit A, attached to the Response (docket no. 33). It states:

  I. Purpose

   A. Implement a hospital response to maintain patient safety when the hospital population is at a critical level.

   B. To provide a mechanism that will decompress patient volume and specify hospital department Responsibility to provide necessary care of patients

to the community that it serves.

Plaintiff further argues that Code Purple Evaluation Worksheets for January 21-22, 2010 [documents] contain more information that is relevant and probative and that such documents should have been preserved since Plaintiff knew or should have know of pending litigation;

7. That in late October 2010, Plaintiff sent a demand letter to Banner Health threatening litigation;

8. That on November 10, 2010, Banner Health created and circulated a litigation hold letter;

9. That Banner Health failed to collect the January 21-22, 2010 Code Purple Evaluation Worksheets [documents]. These documents were not preserved by Banner Health, but instead these documents which were stored in a three-ring binder were discarded around January 1, 2011, even though Banner Health and CEO Sutton received Plaintiff's letter to Banner Health threatening litigation in late October 2010. Plaintiff filed this lawsuit on April 29, 2011. See Complaint (docket no. 1). Thus, at the time Plaintiff filed this lawsuit, the January 21-22, 2010 Code Purple Evaluation Worksheets [documents] no longer existed;

10. That "[d]iscovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997). Here, however, Plaintiff

5

seeks as a sanction and adverse jury instruction pursuant to Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 208 (D.D.C.), modified, 593 F. Supp. 388, aff'd, 746 F.2d 816 (D.D.C. 1984);

11. That "[t]o ensure that the expansive discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a duty to preserve documents that may be relevant to pending or imminent litigation." Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 620 (D. Colo. 2007) (citing Zubulake v. UBS Warburg, LLC, 200 F.R.D. 212, 216 (S.D.N.Y. 2003) ("the obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation"));

12. That "'[s]poliation' has been defined as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Id. (and cases cited therein);

13. That "[t]he court has inherent power to impose sanctions for the destruction or loss of evidence." Id. (and cases cited therein). "Federal courts have authority to impose a variety of sanctions for spoliation including dismissal of the action." Kokins v. Teleflex Inc., 2007 WL 4322322, *2 (D. Colo. Dec. 6, 2007) (Miller, J.). "When deciding whether to sanction a party for the spoliation of evidence,

6

courts have considered a variety of factors, two of which generally carry the most weight: 1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of actual prejudice to the other party." Id. (quoting Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc., 1998 WL 68879, *13 (10th Cir. Feb. 20, 1998) (unpublished)). "[T]he destruction need not be in bad faith to warrant spoliation sanctions." Id.;

14. That "[t]he movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." Ernest v. Lockheed Martin Corp., 2008 WL 2945608, *1 (D. Colo. July 28, 2008); and

15. That Banner Health and CEO Sutton failed to preserve the Code Purple Evaluation Worksheets for January 21-22, 2010, even though they were clearly aware of the relevance and probative value of such documents, noting that such documents go to a critical issue in this case as noted above.  Entering default judgment against Banner Health and CEO Sutton is not warranted as a sanction based upon the spoliation of evidence by Banner Health and CEO Sutton since Plaintiff does have some of the relevant and probative information that he is seeking from the E.D. Daily Sheet dated January 21, 2010 (exhibit G), the Shift Report for January 21, 2010 (exhibit H), and the Shift Report for January 22, 2010 (exhibit I), attached to the Response (docket no. 33).  I find

7

that an adverse jury instruction along with an award of reasonable and necessary attorney fees and costs is the appropriate sanction under the facts and circumstances of this case.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel and/or Request for Sanctions Re: Destruction of Evidence (docket no. 30) is **GRANTED** as follows;

2. That as a sanction, this court will give an adverse jury instruction which states that Defendants Banner Health, an Arizona non-profit corporation d/b/a North Colorado Medical Center, and Rick Sutton, individually and as CEO and an employee of North Colorado Medical Center, destroyed the Code Purple Evaluation Worksheets for January 21-22, 2010;

3. That as an additional sanction, Defendants Banner Health, an Arizona non-profit corporation d/b/a North Colorado Medical Center, and Rick Sutton, individually and as CEO and an employee of North Colorado Medical Center, shall pay to Plaintiff Ron Genova, M.D., reasonable and necessary attorney fees and costs for having to file the subject motion (docket no. 30) consistent with Fed. R. Civ. P. 37; and

4. That the parties shall forthwith meet and confer to see if they can agree upon a stipulated amount of attorney fees and costs for the

8

subject motion (docket no. 30). If the parties can agree, then they shall forthwith file their stipulated motion for attorney fees and costs. If the parties cannot agree upon the amount of attorney fees and costs, then Plaintiff shall have up to and including April 3, 2012, to file his itemized affidavit for attorney fees and costs. Defendants Banner Health and CEO Sutton shall have up to and including April 17, 2012, to file their response to Plaintiff's itemized affidavit for attorney fees and costs. If a response is filed, then Plaintiff shall have up to and including April 27, 2012, to file any reply to the response.

Done this 20th day of March 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE