IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01139-RBJ-MJW

RON GENOVA, M. D.,

Plaintiff(s),

v.

BANNER HEALTH, an Arizona non-profit corporation,
d/b/a North Colorado Medical Center, and
RICK SUTTON, individually and as CEO and an employee of North Colorado Medical Center,

Defendant(s).

## ORDER REGARDING ATTORNEY FEES
## (DOCKET NO. 30, 37, AND 61)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for consideration of attorney fees and costs based upon Judge Jackson's Order (docket no. 61). In this Order, Judge Jackson affirmed the portion of my Order (docket no. 37) which awarded reasonable and necessary attorney fees and costs to Plaintiff for having to file a Motion to Compel and/or Request for Sanctions Re: Destruction of Evidence (docket no. 30). I have now reviewed the Affidavits of Charles Torres and the attached itemized billing statements (docket nos. 43 and 65) and the response (docket no. 71) thereto. In addition, I have taken judicial notice of the court's file and have considered applicable Federal Rules of Civil Procedure and case law. Now being fully informed, I make the following findings of fact, conclusions of law, and order.

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard; and

4. That the benchmark for an award of attorney fees under nearly all of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989). Taking these factors into consideration, this court finds that the hourly rate charged and the time spent by Plaintiff's Attorney Charles Torres is a fair and

3

reasonable hourly rate for attorneys practicing law in Denver, Colorado. Furthermore, the court finds that the sum of $6,300.00 in attorney fees is fair, reasonable, and necessary for having to prepare and file Plaintiff's Motion to Compel and/or Request for Sanctions Re: Destruction of Evidence (docket no. 30) and for having to respond to the Defendant's Objections (docket no. 40) to my Order (docket no. 37) before Judge Jackson.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS** that Defendants Banner Health, an Arizona non-profit corporation d/b/a North Colorado Medical Center, and Rick Sutton, individually and as CEO and an employee of North Colorado Medical Center, shall pay Plaintiff Ron Genova, M.D., reasonable and necessary attorney fees in the sum of $6,300.00 on or before July 25, 2012.

Done the 6th day of July 2012.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge